**IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION**

| | |
|---|---|
| TWANIKA CARTER,<br>TWANIKACARTER@YAHOO.COM;<br><br>             Plaintiff,<br><br>     v.<br><br>JACQUNIECE LASHAWN FLEMING,<br>HIRA SINGH, TERRY SCHOONOVER,<br>BRIAN BAILEY, WORKER FOR THE<br>MISSOURI LOTTERY; ROBERT<br>MURPHY, DETECTIVE AT KCPD;<br>JAELON REEVES, MAYOR SLY JAMES,<br>EX MAYOR OF KANSAS CITY, MO;<br>AND JAMES GREEN, SERGEANT AT<br>KCPD;<br><br>             Defendants. | )<br>)<br>)<br>)<br>)<br>)   Case No. 4:21-00688-CV-RK<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## <u>ORDER</u>

Before the Court are three motions to dismiss Plaintiff's complaint filed by Jacquniece Lashawn Fleming (pro se) (Doc. 7), Mayor Sly James (pro se) (Doc. 8), and Brian Bailey (Doc. 13). Mayor James and Mr. Bailey filed suggestions in support of their motions (Docs. 9 and 14, respectively). Plaintiff filed a response (out of time) as to each motion to dismiss. (Docs. 24, 25, 26.)[1] Also before the Court are various pro se motions Plaintiff has filed concerning service of summonses as to Defendants Murphy and Green. (Doc. 12.)[2] After careful consideration and for the reasons below, Defendant Fleming, James, and Bailey's motions to dismiss (Docs. 7, 8, and 13, respectively) are **GRANTED**, and Plaintiff's pro se motion for service (Doc. 12) is **DENIED**.

---

[1] Initially, Plaintiff did not respond to Defendants' motions to dismiss within the allowed time period. Accordingly, on November 24, 2021, the Court ordered Plaintiff to show cause why she failed to timely respond to the motions to dismiss and why her claims against these Defendants should not be dismissed. (Doc. 23.) Plaintiff filed her show-cause response on November 29, 2021. (Docs. 24, 25, 26.) Satisfied with Plaintiffs' response, the Court will turn to the merits of each motion to dismiss.

[2] Plaintiff has also filed motions concerning subpoenas for production of video evidence directed to two non-parties. (Docs. 19, 22.) The Court will take up these motions at a later time.

## I. Background

On August 24, 2021, Plaintiff filed a pro se complaint for "fraud, stealing lottery ticket worth 50 million dollars." (Doc. 1 at 1.) Plaintiff filed this complaint against numerous defendants including Ms. Fleming, Mayor James, and Mr. Bailey, among others. She alleges she possessed the winning Missouri Mega Millions ticket from March 12, 2019, but that Ms. Fleming stole the winning ticket from a shared car. (*Id.*) Plaintiff alleges Ms. Fleming somehow delivered the ticket to Defendant Hira Singh, who cashed the winning lottery ticket knowing the ticket did not belong to him. (*Id.*) Plaintiff alleges Mr. Singh "is not the person purchasing the winning ticket" and that Defendants Terry Schoonover and Mr. Bailey (both employed by the Missouri Lottery) lied and said Mr. Singh was identified on video purchasing the winning lottery ticket. (*Id.*) Plaintiff alleges Mayor James (at the time, the Mayor of Kansas City, Missouri) "did his diligence by embezzling and covering . . . up [the crime] for his own financial gain" including building "House and Apartments complexes, Liquor store, and other Businesses" with the stolen lottery winnings. (*Id.*) Plaintiff states she is bringing this federal lawsuit for "Fraud, Discrimination, Emotional Distress, Injustice, Withholding Evidence, Getting Rid of Evidence, Embezzlement, Robbery, Bribery, Defamation of Character, Embarrassment, Corruption, My Civil Rights, Money laundering Putting My Life in Danger, And Making Me Lose 50 Million Dollars." (*Id.* at 2.) Plaintiff seeks damages including 15 million dollars against Mr. Bailey, 35 million dollars against Mayor James, and 15 million dollars (and jail time) against Ms. Fleming, as well as "All the Apartments, Businesses, and Houses that w[ere] bought with my winnings without my permission." (*Id.*)

## II. Legal Standard

Under Rule 12(b)(6) of the Federal Rules of Civil Procedure, a claim may be dismissed for "failure to state a claim upon which relief can be granted." A complaint must provide "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "To survive a motion to dismiss, a claim must be facially plausible, meaning that the 'factual content . . . allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" *Cole v. Homier Dist. Co.*, 599 F.3d 856, 861 (8th Cir. 2010) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). Furthermore, the Court must "review the plausibility of the plaintiff's claim as a whole, not the plausibility of each individual allegation." *Zoltek Corp. v. Structural Plymer Grp.*, 592 F.3d 893, 896 n.4 (8th Cir. 2010) (citing *Braden v. Wal-Mart Stores, Inc.*, 588 F.3d 585, 594 (8th Cir. 2009) ("the complaint should be read as a

whole, not parsed piece by piece to determine whether each allegation, in isolation, is plausible")). "Determining whether a complaint states a plausible claim for relief . . . [is] a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal*, 556 U.S. at 679.

Generally, the Court "accept[s] the allegations contained in the complaint as true and draw[s] all reasonable inferences in favor of the nonmoving party." *Cole*, 599 F.3d at 861 (quoting *Coons v. Mineta*, 410 F.3d 1036, 1039 (8th Cir. 2005)). When dealing with a pro se complaint, the Court must liberally construe the complaint. *Stone v. Harry*, 364 F.3d 912, 914 (8th Cir. 2004). However, the pro se plaintiff must still "allege sufficient facts to support the claims advanced," and the Court will not "supply additional facts, nor . . . construct a legal theory for plaintiff that assumes facts that have not been pleaded." *Id.* (internal quotation marks and citations omitted).

## III. Defendants Fleming, James, and Bailey's Motions to Dismiss

Defendants Fleming, James, and Bailey each separately move to dismiss Plaintiff's complaint against them for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6). (Docs. 8, 13.)

### A. Defendant Fleming

Plaintiff alleges Ms. Fleming "stole [Plaintiff's] winning lottery ticket worth 50 million dollars from 3/12/2019," by "[taking] the ticket out of a car we w[ere] sharing" and that "[s]he somehow passed the ticket to Hira Singh to cash it in." (Doc. 1 at 1.) Plaintiff alleges Mr. Singh knew the ticket was not his but cashed it regardless and then pretended he was the rightful winner. (*Id.*)

First, to the extent Plaintiff seeks to bring this federal lawsuit against Ms. Fleming (or any other defendant for that matter) based on alleged violation of a federal criminal statute, it does not appear federal law provides for a private civil remedy for any such federal criminal offense. *See* 18 U.S.C. §§ 641 & 662 (federal embezzlement statutes); 18 U.S.C. § 1956 (federal money laundering statute); 18 U.S.C. §§ 2111, 2112, and 2114 (federal robbery statutes); *see also Kelly v. Millsap & Singer LLC*, No. 4:18-00953-CV-W-HFS, 2018 WL 10322074, at *2 (W.D. Mo. Dec. 13, 2018) (dismissing plaintiff's cause of action under the criminal wire fraud statute for failure to state a claim because that criminal statute "does not provide for a civil remedy"). (Nor can Plaintiff, through a civil lawsuit, bring criminal charges against Ms. Fleming that would result in a criminal conviction and jail time.)

Unlike the criminal statutes above, federal law does provide for a civil remedy for RICO violations. 18 U.S.C. § 1964(c). Federal law prohibits

> any person who has received any income derived, directly or indirectly, from a pattern of racketeering activity . . . to use or invest . . . any part of such income . . . in acquisition of any interest in, or the establishment or operation of, any enterprise which is engaged in, or the activities of which affect, interstate or foreign commerce.

18 U.S.C. § 1962(a). Section 1961(1) defines "racketeering activity" as "any act or threat involving . . . robbery . . . which is chargeable under State law and punishable by imprisonment for more than one year," among other federal offenses. Under Missouri law, first-degree robbery is defined as "forcibly steal[ing] property and in the course thereof"

> (1) [c]aus[ing] serious physical injury to any person; or (2) [being] armed with a deadly weapon; or (3) [using] or threaten[ing] the immediate use of a dangerous instrument against any person; or (4) [d]isplay[ing] or threaten[ing] the use of what appears to be a deadly weapon or dangerous instrument; or (5) [s]teal[ing] any controlled substance from a pharmacy.

Mo. Rev. Stat. § 570.023.1. Second-degree robbery is defined as "forcibly steal[ing] property and in the course thereof caus[ing] physical injury to another person." Mo. Rev. Stat. § 570.025.1.

Although difficult to discern, to the extent Plaintiff seeks to assert a private RICO cause of action against Ms. Fleming, the Court finds she has failed to state this claim. Plaintiff fails to plead any facts showing Ms. Fleming committed robbery under Missouri state law and therefore fails to state a RICO claim against her. Additionally, and separately, federal law defines "pattern of racketeering activity" as "at least two acts of racketeering activity." § 1961(5). Plaintiff also fails to allege facts supporting Ms. Fleming committed or was involved with "two acts of racketeering activity" involving the allegedly stolen winning lottery ticket.

Third and finally, Plaintiff fails to state a claim against Ms. Fleming for a violation of Plaintiff's civil rights. By statute (42 U.S.C. § 1983) Plaintiff may bring a civil cause of action for violation of her civil rights when a person "under color or law . . . deprive[s] [plaintiff] of a right secured by the Constitution and laws of the United States." *Dossett v. First State Bank*, 399 F.3d 940, 947 (8th Cir. 2005) (citation and quotation marks omitted). In other words, to state a cause of action against Ms. Fleming for violating her civil rights, Plaintiff must allege state action. *Walker v. Reed*, 104 F.3d 156, 157 (8th Cir. 1997). Plaintiff does not allege any facts Ms. Fleming "act[ed] under color of state law [to] deprive[] . . . [her] of a right, privilege, or immunity secured

4

by the Constitution or laws of the United States." *Id.* at 157-58. Simply, Plaintiff alleges no facts Ms. Fleming was acting under color of state law or that in doing so, Ms. Fleming deprived Plaintiff of a constitutional or statutory right, privilege, or immunity. Therefore, Ms. Fleming's motion to dismiss (Doc. 7) is **GRANTED**.

### B. Defendant James

In her Complaint, Plaintiff alleges Defendant Mayor James "did his diligence embezzling and covering" up the stolen lottery ticket "for his own financial gain." Specifically, she alleges he was pictured with Plaintiff's cousin "talking about rebuilding Kansas City" and "sure enough Houses and Apartments complexes, Liquor store, and other Businesses is still opening and being built left and right, after my winning ticket worth 50 million dollars was stolen." Even liberally construing Plaintiff's complaint, the Court finds Plaintiff fails to plead facts plausibly showing Mayor James is liable for any of the claims she asserts. Plaintiff does not allege Mayor James was involved in stealing the lottery ticket or in fraudulently cashing the winning lottery ticket. At most, Plaintiff alleges Mayor James communicated with her cousin (as to whom Plaintiff alleges no facts to show any connection with the stolen lottery ticket or the money therefrom) about "rebuilding Kansas City," and development in the city that occurred after her allegedly winning lottery ticket was stolen. Plaintiff sets forth no facts establishing any connection between Mayor James and Mr. Singh, Mr. Schoovoner, or Mr. Bailey. To survive a motion to dismiss, Plaintiff must plead facts from which the Court can reasonably infer the defendant is liable for the claims alleged. In this case, even if her claim had some ascertainable basis in federal law, Plaintiff has pleaded no facts plausibly showing Mayor James is involved in any manner with stealing or fraudulently cashing the winning lottery ticket or embezzling the monies received from the winning lottery ticket. Therefore, Mayor James' motion to dismiss (Doc. 7) is **GRANTED**.

### C. Defendant Bailey

Finally, Plaintiff alleges Mr. Bailey lied and said Mr. Singh was seen on video purchasing the winning lottery ticket when, in fact, Plaintiff was "the person on the Video" and thus Mr. Bailey "help[ed] [to] steal a 50 million dollars lottery Jackpot." Plaintiff appears to bring this lawsuit against Mr. Bailey because of his position with the Missouri Lottery. When bringing suit against public officials, plaintiffs must specifically plead that the claims asserted against the public officials are brought against them in their individual capacity; otherwise, the Court must presume that the public-official defendant is being sued only in their official capacity. *Baker v. Chisom*,

501 F.3d 920, 923 (8th Cir. 2007); *Johnson v. Outboard Marine Corp.*, 172 F.3d 531, 535 (8th Cir. 1999) ("in order to sue a public official in his or her individual capacity, a plaintiff must expressly and unambiguously state so in the pleadings, otherwise, it will be assumed that the defendant is sued only in his or her official capacity") (citations omitted). Plaintiff does not indicate whether she is suing Mr. Bailey in his individual capacity or in his official capacity. Therefore, the Court assumes Mr. Bailey is being sued in his official capacity.

Here, a lawsuit against Mr. Bailey in his official capacity is a lawsuit against the State of Missouri. *See Parrish v. Ball*, 594 F.3d 993, 997 (8th Cir. 2010) ("a suit against a public official in his official capacity is actually a suit against the entity for which the official is an agent") (citation and quotation marks omitted). When state officials are sued in their official capacity in federal court, sovereign immunity under the Eleventh Amendment to the United States Constitution bars damages actions against them. *See Smith v. Mo.*, 4:18-00790-CV-RK, 2019 WL 2373203, at *1-2 (W.D. Mo. June 5, 2019). This is because the Eleventh Amendment prohibits an un-consenting State from suit brought in federal court by its citizens. *Fryberger v. Univ. of Ark.*, 889 F.3d 471, 473 (8th Cir. 2018). "A suit generally may not be maintained directly against the state itself, or against an agency or department of the State, unless the State has waived its sovereign immunity." *Fla. Dep't of State v. Treasure Salvors, Inc.*, 458 U.S. 670, 684 (1982) (per curiam). Plaintiff does not allege or demonstrate the State of Missouri has consented to or waived the claims in this lawsuit. Therefore, Mr. Bailey's motion to dismiss for failure to state a claim against him in his official capacity is **GRANTED**.[3]

## IV. Plaintiff's Pro Se Motion for Service of Summonses as to Defendants Murphy and Green (Doc. 12)

First, to the extent Plaintiff asks for a court-appointed lawyer in this motion, that request is denied. "In civil cases, there is no constitutional or statutory right to appointed counsel." *Ward v. Smith*, 721 F.3d 940, 942 (8th Cir. 2013). The decision to appoint counsel is discretionary; in making the decision, a district court generally considers the following factors: (1) the merits of the claim, (2) the plaintiff's efforts to obtain counsel, and (3) the plaintiff's financial ability to retain an attorney. *Hale v. N. Little Rock Hous. Auth.*, 720 F.2d 996, 998 (8th Cir. 1983) (citations omitted). Other relevant factors may include the complexity of facts and legal issues, the litigant's

---

[3] Of note, Plaintiff alleges, at most, money damages against Defendant Bailey. Plaintiff does not allege Defendant Bailey is in any way connected with the real property she seeks to recover in this cause of action.

ability to investigate and present his or her case, and the existence of conflicting testimony. *See id.; In re Lane*, 301 F.2d 1040, 1043-44 (8th Cir. 1986) (discussing factors to be considered in appointing counsel in the context of an action pursuant to 42 U.S.C. § 1983). When she filed this case, Plaintiff tendered the required filing fee and she does not provide any other information regarding her financial ability to retain private counsel. In fact, documents Plaintiff filed alongside her complaint indicate she was in fact represented by counsel for some period of time. (*See* Doc. 1-3 at 5-8, 13-15.) Additionally, while nothing in the present record shows the fact and legal issues are so complex that Plaintiff will be unable to investigate or present her case, at this early stage it is difficult to determine whether Plaintiff's claims have merit or whether there is conflicting testimony, considering numerous Defendants have not yet been served. At this stage and under the present circumstances, the Court declines to appoint counsel.

In addition, Plaintiff states she is "having a hard time locating James Green and Robert Murphy, because they're retired Kansas City Police Officers." (*Id.* at 1.) Plaintiff states she attempted to serve them through giving the summonses and complaint to other officers at the Kansas City Police Department Headquarters, but such service was rejected.[4] Generally, a plaintiff is responsible for having the summonses and complaint served by a **nonparty** who is at least 18 years old. Fed. R. Civ. P. 4(a)-(b). The same is true for serving a subpoena (such as those Plaintiff attached to her motion, *see* Doc. 12 at 2-3). Fed. R. Civ. P. 45(b)(1). Service of process by a United States marshal is mandatory only "if the plaintiff is authorized to proceed *in forma pauperis* under 28 U.S.C. § 1915 or as a seaman under 28 U.S.C. § 1916." Rule 4(c). Otherwise, the Court has discretion to order service of process by the United States marshal, but it generally will not do so absent a showing that (1) there is a risk of harm to the process server, or (2) the plaintiff has attempted service by other means provided in Rule 4 of the Federal Rules of Civil Procedure, such as by requesting via mail a waiver of service under Rule 4(d). *See Bax v. Exec. Office for U.S. Attorneys*, 216 F.R.D. 4, 4-5 (D.D.C. 2003); 4A Fed. Prac. & Proc. Civ. § 1090 (4th ed.); Legislative Statement to the Federal Rules of Civil Procedure Amendments Act of 1982, § 2 n.18; *see also* Rule 45(b) advisory committee's note to 1991 amendment (removing reference to "United

---

[4] Plaintiff attached to her motion what appears to be subpoenas directed to the Kansas City, Missouri, Police Department. (Doc. 12 at 2-3.) In her motion, Plaintiff also states she has been unable to serve the summonses on these two Defendants. Summonses were issued as to all Defendants on October 15, 2021. Plaintiff has not yet filed any proof of service of summonses as to Defendants Murphy and Green. The Court construes the motion as concerning service of the summonses as to these two defendants.

States Marshal and deputy marshal" but that "[i]nasmuch as these officers meet the age requirement, they may still be used if available").

Here, Plaintiff has not applied to proceed *in forma pauperis* under §§ 1915 or 1916. She has also not alleged any risk of harm to the process server or that she has attempted to seek waivers of service and found this method of service to be unfeasible. Plaintiff is responsible for serving (by non-parties who are at least 18 years old) both the summonses and complaint and any subpoenas that are issued and should use any and all means at her disposal, including public records, to locate and serve these (and all remaining) Defendants and to properly effect such service. Plaintiff's motion (Doc. 12) is **DENIED**.[5]

## V. Conclusion

Accordingly, for the reasons stated above, it is **ORDERED** that:

(1)     Defendant Fleming's pro se motion to dismiss for failure to state a claim (Doc. 7) is **GRANTED**;

(2)     Defendant James' pro se motion to dismiss for failure to state a claim (Doc. 8) is **GRANTED**;

(3)     Defendant Bailey's motion to dismiss for failure to state a claim (Doc. 13) is **GRANTED**; and

(4)     Plaintiff's pro se motion for service (Doc. 12) is **DENIED**.

**IT IS SO ORDERED**.

s/ Roseann A. Ketchmark
ROSEANN A. KETCHMARK, JUDGE
UNITED STATES DISTRICT COURT

DATED:  December 2, 2021

---

[5] Plaintiff is reminded pursuant to Federal Rule of Civil Procedure 4(m), the time limit to serve all Defendants with summonses and process is within 90 days from the filing of the complaint. Plaintiff filed her complaint on September 24, 2021. Therefore, she must serve all Defendants by December 23, 2021. And finally, pursuant to Rule 4(l), "[u]nless service is waived, proof of service must be made to the court."